Matter of Courtney (2019 NY Slip Op 04810)





Matter of Courtney


2019 NY Slip Op 04810


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019


[*1]In the Matter of MARSHALL ASHBY COURTNEY, a Suspended Attorney. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MARSHALL ASHBY COURTNEY, Respondent. (Attorney Registration No. 2243426)

Calendar Date: April 22, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Marshall Ashby Courtney, Connelly, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1989, having previously been admitted in Connecticut in 1988. He last listed a business address in the City of Kingston, Ulster County with the Office of Court Administration.
By December 2014 order, this Court suspended respondent from the practice of law for a two-year period after he defaulted upon a petition of charges alleging client neglect, lack of proper communication with clients and a failure to cooperate with petitioner's investigation (123 AD3d 1418 [2014])[FN1]. Respondent now moves for reinstatement by motion marked returnable April 22, 2019. Petitioner opposes the motion based upon, among other things, the insufficiency of respondent's application.[FN2]
In light of the length of his suspension, respondent properly submits a sworn form affidavit applicable to attorneys suspended for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Padilla, 167 AD3d 1413 [2018]), which includes proof that respondent successfully completed the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Nevertheless, respondent's application lacks certain required proof and documentation, such as copies of any filed income tax returns or other satisfactory evidence explaining how he has supported himself in the years since his suspension from the practice of law. Moreover, respondent is currently delinquent with regard to the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1, having last registered in 2013 (see Matter of Attorneys in Violation of Judiciary Law § 468-a, ___ AD3d ___, 2019 NY Slip Op 03883 [2019]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent has also failed to articulate any specific factors demonstrating that his reinstatement would be in the public's interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
Of greatest concern, however, is the uncontested proof in the record that respondent remains in significant arrears in overdue child support payments, with two judgments filed against him in Ulster County Family Court. Under these circumstances, we find that respondent's application for reinstatement must be denied (see generally Judiciary Law § 90 [2-a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.25). We further condition any future application by respondent for reinstatement upon proof that his child support obligations have been satisfied.
Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.



Footnotes

Footnote 1: Along with respondent's administrative suspension in Connecticut since 2009 for failure to pay required fees, respondent was also suspended in that state for a two-year period commencing in April 2015 as discipline stemming from this Court's order of suspension.

Footnote 2: The Lawyers' Fund for Client Protection advises that it defers to the Court's discretion as to the disposition of respondent's application.